**WO**

**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Native New Yorker Franchising, Inc., an Arizona corporation,<br><br>　　　Plaintiff/Counterdefendant,<br><br>vs.<br><br>Shabaz, Inc., an Arizona corporation, et al.,<br><br>　　　Defendants/Counterclaimants. | No. CV-09-2565-PHX-GMS<br><br>**ORDER** |

Pursuant to the parties' Stipulation and Joint Motion Re: Case Management Report and Rule 16 Conference (Dkt. # 17), the Court will vacate the scheduling conference. Also pending before the Court is Thomson Conant PLC's Motion for Withdrawal as Counsel of Record for Defendants (Dkt. # 16). In the motion, counsel states that Defendants "have filed or intend to file for bankruptcy." Defendants have not yet filed the appropriate notice re bankruptcy filing.

Further, only licensed attorneys may represent a corporation in federal court. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel.") (citing *Osborn v. President of Bank of U.S.*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824)); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that 'corporations and other unincorporated associations must appear in court through an attorney.'") (alteration and

citation omitted); *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney."); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that a corporation's president and sole shareholder could not make an "end run around" the counsel requirement by intervening pro se rather than retaining counsel to represent the corporation) (citing 28 U.S.C. 1654).

Filing an answer in federal court qualifies as an "appearance." *See e.g. French v. Hay*, 89 U.S. 238 (1874) (holding that defendant who swore to answer signed and filed by his counsel entered an appearance and thus placed himself within court's jurisdiction). A corporation may appear in federal court only through licensed counsel. *See, e.g., Rowland*, 506 U.S. at 201-202; *see Nesselrode, LLC v. Measure*, No. CV 07-49-M, 2007 WL 2398820, at *2 (D. Mont. Aug. 14, 2007) ("To the extent Nesselrode's motion requests that his corporation, Nesselrode, LLC, be permitted to proceed *pro se*, and that he be permitted to represent his corporation, the law does not support his request. Nesselrode is not an attorney, and . . . his corporation may appear in federal court only through licensed counsel. . . . [T]his well-settled rule . . . applies even if the individual seeking to represent the corporation is the president and sole shareholder of the corporation."). Therefore,

**IT IS HEREBY ORDERED** granting the Stipulation (Dkt. # 17) and vacating the Scheduling Conference currently scheduled for April 2, 2010, to be rescheduled at a later date.

**IT IS FURTHER ORDERED** granting Thomson Conant PLC's Motion for Withdrawal as Counsel of Record for Defendants (Dkt. # 16).

**IT IS FURTHER ORDERED** directing Shabaz, Inc. retain counsel on or before **April 27, 2010**.

/ / /

/ / /

/ / /

/ / /

1    **IT IS FURTHER ORDERED** that a copy of this Order and all future pleadings
2    mailed to Defendants Shabaz, Inc., Parham Shabaniani, Kamran Shabaniani, and Kathy
3    Larson at 20235 N. Cave Creek Road, Phoenix, AZ 85024, (telephone: 925-699-1413).
4    DATED this 30th day of March, 2010.

G. Murray Snow
United States District Judge