**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Native New Yorker Franchising, Inc. </br> Plaintiff, </br> vs. </br> Shabaz, Inc., *et al*. </br> Defendants. | No. CV-09-2565-PHX-GMS </br> **ORDER** |

Pending before the Court is the Motion for Preliminary Injunction (Dkt. # 6.) filed by Plaintiff Native New Yorker Franchising, Inc. ("Native New Yorker") against Defendants Shabaz, Inc., Parham and Jane Doe Shabaniani, Kamran and Jane Roe Shabaniani, and Kathy and John Doe Larson (collectively "Defendants"). Specifically, Native New Yorker seeks an injunction against Defendants, who previously operated a Native New Yorker Franchise, to prevent them from misusing its intellectual property, to enforce a non-compete agreement between the parties, and to enforce Defendants' agreement to assign its telephone listings to Native New Yorker. (*Id.*) The Court grants the Motion, as set forth below.

**DISCUSSION**

The Federal Rules of Civil Procedure authorize the Court to issue a preliminary injunction upon a proper showing. Fed. R. Civ. Pro. 65(a). To prevail on a request for a preliminary injunction, a plaintiff must show either "(a) probable success on the merits

combined with the possibility of irreparable injury or (b) that [it] has raised serious questions going to the merits, and that the balance of hardships tips sharply in [its] favor." *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). The Ninth Circuit has explained that "these two alternatives represent 'extremes of a single continuum,' rather than two separate tests. Thus, the greater the relative hardship to the moving party, the less probability of success must be shown." *Immigrant Assistant Project of L.A. County Fed'n of Labor (AFL-CIO) v. INS*, 306 F.3d 842, 873 (9th Cir.2002) (citation omitted).

      The Ninth Circuit's test for a preliminary injunction is met in this case, at least with respect to Native New Yorker's claims for breach of the parties' franchise agreement.[1] First, Native New Yorker has demonstrated a likelihood of success on the merits. With respect to their claim that Defendants are in breach of the franchise agreement's non-compete clause, Native New Yorker has presented undisputed evidence that Defendants were still operating a competing restaurant in Maricopa County as of November 5, 2009. (Dkt. # 6, Ex. B.) Native New Yorker has also presented evidence that the non-compete agreement was reasonable in both geographic scope and time. (*See id.*, Ex. A at ¶ 12.) The potential for irreparable injury exists in this case because Native New Yorker's "goodwill and reputation would be damaged" if Defendants are permitted to operate their restaurant, which is similar in feel and cuisine to that of Native New Yorker's franchises, in the exact location that was formerly a Native New Yorker restaurant. *See Lockhart v. Home-Grown Inds., Inc*. 2007 WL 2688551, at *4 (W.D. N.C. Sept. 10, 2007) (enforcing a post-termination covenant not to compete and enjoining former franchisee from operating similar restaurants at the former franchise locations). Similarly, Native New Yorker has presented undisputed evidence that Defendants have not yet transferred their telephone listing to Native New Yorker, in breach of the Franchise Agreement. (*Id.* at Ex. A ¶ 10.) This presents the possibility of irreparable

---

[1] At a status conference held on April 28, 2010, Native New Yorker's counsel conceded that Defendants had returned its intellectual property and that a preliminary injunction was no longer necessary to protect Native New Yorker's intellectual property rights.

harm because customers calling to do business with a Native New Yorker franchise may be drawn to Defendants' competing business, and Native New Yorker's reputation and goodwill may subsequently suffer. *C.f. Lockhart v. Home-Grown Inds., Inc*. 2007 WL 2688551, at *4.

The fact that Defendants may have temporarily abated their misconduct does not alter this analysis. According to the Ninth Circuit, "An action for an injunction does not become moot merely because the conduct complained of was terminated." *See FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1237 (9th Cir. 1999). "[O]therwise the defendant[] would be free to return to [his] old ways." *Id.* In order to successfully show that "injunctive litigation is now moot," a defendant must "demonstrate that there is no reasonable expectation that the wrong will be repeated." *Lynn v. Biderman,* 536 F.2d 820, 825 (3rd Cir. 1976). On March 24, 2010, Defendants' former attorney filed a motion to withdraw, noting that "[D]efendants have ceased operations of their business," and that they "will not be able to afford to pay any attorney fees or cost associated with this matter." (Dkt. # 16.) Defendants' former attorney further noted that "[s]everal of the [D]efendants . . . intend to file bankruptcy, thus ultimately ending the prosecution of this matter." (*Id.*) To date, however, it appears as though none of the Defendants have filed bankruptcy, and none have expressed their intent to do so. Defendants further have not presented any evidence of their alleged insolvency. Defendants, therefore, have not met their burden of "demonstrat[ing] that there is no reasonable expectation that the wrong will be repeated." *See Lynn*, 536 F.2d at 825. Accordingly, to the extent that Native New Yorker contends that Defendants are in breach of their non-compete agreement and that Defendants have failed to transfer their telephone listing to Native New Yorker, the Court grants the Motion for Preliminary Injunction.

**IT IS THEREFORE ORDERED** that Native New Yorker's Motion for Preliminary Injunction is **GRANTED** (Dkt. # 6) as follows:

(1) During the pendency of this litigation, Defendants, their affiliates, subsidiaries, officers, agents, employees, and those persons acting in concert or participation with them, or under their control, are **ORDERED** to abide by the restrictions described in the party's Franchise Agreement (*see* Dkt. # 6, Ex. A.);

1    (2) Defendants are **ORDERED** to assign to Native New Yorker any telephone numbers used in connection with the operation of their former Native New Yorker Restaurant.

(3) Within fourteen (14) days from the issuance of this Order, Defendants **SHALL** also provide any necessary documentation to Native New Yorker demonstrating that the telephone listings have been properly assigned.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65(c), Native New Yorker **SHALL** post a $5,000 bond as security for this preliminary injunction. The bond **SHALL** be posted no more than **seven (7) days** from the date of this Order.

**IT IS FURTHER ORDERED** directing Native New Yorker to serve notification of this Order upon all Defendants **within seven (7) days** from the issuance of this Order.

DATED this 29th day of April, 2010.

_____
G. Murray Snow
United States District Judge